UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IVY J. BULLUCK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-1860 (TSC) |
| CHUCK HAGEL, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment [ECF No. 5].[1] For the reasons discussed below, Defendant's motion will be GRANTED.

I.  BACKGROUND

Plaintiff is a former employee of the Army and Air Force Exchange Service ("AAFES"), who held the position of Intermittent Senior Store Associate at the Andrews Air Force Base Main Store, Mem. in Support of Mot. to Dismiss or in the Alternative for Summ. J. ("Defs.' Mem."), Ex. 1, until her termination in July 2012. Compl., Ex. at 23, 44.[2] Generally, she alleges that her former employer discriminated against her in violation of Title VII of the Civil Rights

---

[1] Under Title VII, the proper defendant is the head of the appropriate federal agency. *See* 42 U.S.C. § 2000e-16(c). The Court proceeds as if Ashton Carter, current Secretary of Defense, is the sole defendant. *See* Fed. R. Civ. P. 25(d). Diane Culberson is dismissed as a party. *See, e.g., Anderson v. Usher*, No. 12–7107, 2013 WL 1187399, at *1 (D.C. Cir. Mar. 4, 2013) (affirming dismissal of "individual persons who are not liable under Title II of the ADA") (per curiam).

[2] Plaintiff does not designate her exhibits by number. With the exception of the EEOC's Dismissal of Appeal and her Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Plaintiff presents her exhibits in sequentially numbered pages. The Court therefore refers to Plaintiff's exhibits by the page numbers she designates.

1

Act of 1964 ("Title VII"), *see* 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, *see* 29 U.S.C. § 791 *et seq.*[3]

On February 2, 2011, Plaintiff contacted an EEO Counselor at the AAFES, complaining of harassment, and that she had "not received any reasonable accommodations for her disability even after presenting her documentation fro[m] the doctor."[4] Defs.' Mem., Ex. 3 at 1-2. She met with the EEO Counselor, Jennifer Kemmer, on February 4, 2011, and on that same date signed an acknowledgment of receipt of a Statement of Rights and Responsibilities. *Id.*, Ex. 3 at 7. Among other information, the Statement of Rights and Responsibilities provided:

> A 17-3.    You have the right to choose between the AAFES Alternative Dispute Resolution Program (AADRP) process **or** EEO counseling. The election to proceed through counseling or ADR is **final**.
>
> A 17-4.    If you elect counseling, you have the right to receive in writing within 30 calendar days of the first counseling contact . . . a *Notice of Right to File a Discrimination Complaint (Appendix 12)* . . . .
>
> A 17-5.    If you elect participating in the AADRP process, you have the right to receive in writing a *Notice of Right to File Discrimination Complaint (Appendix 12)* upon completion of the dispute resolution process or within ninety (90) calendar days of the first contact with the EEO counselor, whichever is earlier. If you do not receive Appendix 12 upon completion of the dispute resolution process or within 90 days of the first contact with the EEO counselor, whichever is earlier, you may file a formal complaint anyway.

---

[3] Plaintiff's claims under the Americans with Disabilities Act ("ADA") will be dismissed. The ADA neither applies to federal agencies, *see* 42 U.S.C. § 12111(5)(B)(i), nor to the individual defendant named in the complaint, *see Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011) ("[W]e conclude that Title I of the ADA does not provide for liability against individuals who are not themselves employers."). "Congress incorporated the ADA's anti-discrimination and anti-retaliation provisions into the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*," and "[b]ecause the Rehabilitation Act incorporates the ADA, it is "the exclusive remedy for employment discrimination based on a disability for federal employees," *Bonnette v. Shinseki*, 907 F. Supp. 2d 54, 59 (D.D.C. 2012) (citations omitted). Plaintiff's claim under 42 U.S.C. § 1981 also will be dismissed because the Complaint does not allege that Defendant discriminated against her because of her race.

[4] Although the Complaint does not identify or describe Plaintiff's disability, Plaintiff had been diagnosed with rheumatoid arthritis and Type 2 diabetes, conditions which affect her ability to stand, walk, stoop, bend, sit or kneel for extended periods of time, and to engage in strenuous activity without frequent rest periods. *See* Compl., Ex. at 46. She relied "on public transportation to and from work and [caught] the base shuttle at the main gate." Defs.' Mem., Ex. 3 at 2. Plaintiff claimed that she was scheduled to work on holidays when the base shuttle did not run, even though she could not walk from the main gate to her workplace at the Andrews Main Store because of her physical limitations. *See id.*; *see also* Compl., Ex. at 20, 45.

> A 17-6.    When you receive the *Notice of Right to File a Discrimination Complaint* . . . from your EEO counselor at the conclusion of counseling, you **MUST** file your written formal complaint within 15 calendar days from the date you receive the notice.  You **MUST** submit your formal complaint to one of the appropriate officials identified in the notice.

*Id.*, Ex. 3 at 4 (emphasis in original).  Plaintiff chose ADR.  *Id.*, Ex. 3 at 8.

On notice that the parties did not resolve their dispute, on June 23, 2011, the EEO counselor sent Plaintiff a Notice of Right to File a Discrimination Complaint form and a blank Complaint of Discrimination form with instructions to file a formal complaint within 15 days of receipt of the Notice.  *Id.*, Ex. 3 at 9-12, 14.  The notice included a list of the officials who were authorized to receive her discrimination complaint.  *Id.*, Ex. 3 at 10.  As of June 18, 2014, AAFES had received neither a formal complaint from Plaintiff nor had Plaintiff made further contact with the EEO Counselor.[5]  Defs.' Mem, Ex. 3 at 14.

On November 24, 2012, Plaintiff filed a charge of discrimination with the Maryland Commission on Civil Rights alleging retaliation and discrimination based on religion and disability.  *Id.*, Ex. 3 at 20.  The Commission forwarded Plaintiff's charge to the EEOC's Baltimore Field Office, which in turn notified the Director of Human Resources for AAFES.  *Id.*, Ex. 3 at 15.  AAFES responded by filing a motion to dismiss Plaintiff's charge of discrimination for lack of jurisdiction, arguing that Plaintiff was a former federal employee who must file her

---

[5] Plaintiff alleges that she filed a charge of discrimination on February 28, 2012 "with the EEO Main M Street Office, Washington DC 20001 (Charge No. 570-2012-00914C)," and that "[t]he DC Main Office forwarded the charge to the EEOC Baltimore Field Office.  Compl. at 3.  Defendant mentions only one charge of discrimination, *see* Defs.' Mem. at 3, referring to the charge Plaintiff filed with the Maryland Commission on Civil Rights which was forwarded to the EEOC's Baltimore Field Office, *id.*; *see id.*, Ex. 3 at 15, 20.  A search of Equal Employment Opportunity and Diversity Inclusion Office records at the Army & Air Force Exchange Service headquarters in Dallas, Texas revealed "no record that [Plaintiff] has ever filed a formal complaint with the Agency and there is no record of any other initial EEO counselor contact on any other matter."  *Id.*, Ex. 4 ¶ 4.  The Court notes that the charge Plaintiff allegedly filed with the EEOC in Washington, D.C. and the charge initially filed with the Maryland Commission on Civil Rights both bear the same case number: EEOC Charge No. 570-2012-00914C.

discrimination complaint "through the federal sector EEO complaint process pursuant to 29 C.F.R. Part 1614." *Id*., Ex. 3 at 21-22.

In September 2013, the EEOC's Baltimore Field Office terminated its processing of Plaintiff's charge of discrimination, finding that Plaintiff was a federal employee who was required to pursue her charge of discrimination through the EEO process for federal sector employees. *Id*., Ex. 3 at 32. Plaintiff appealed this determination and, among other arguments, claimed that she was not a federal employee, *id*., Ex. 3 at 32, 49-50. AAFES opposed Plaintiff's appeal, and on August 21, 2014, the EEOC dismissed the appeal on the ground that "the matter [was] not properly before the [EEOC]," Compl. (Dismissal of Appeal) at 2.

## II. DISCUSSION

Defendant argues that Plaintiff's discrimination claims must be dismissed because she failed to exhaust administrative remedies for federal sector employees prior to filing this lawsuit.

### A.  *Plaintiff Was a Federal Employee*

"AAFES is a nonappropriated fund instrumentality of the United States [operating] . . . under the control of the Secretaries of the Army and Air Force[.]" *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 730 n.1 (1982) (citations omitted). An AAFES employee is a federal employee within the United States Department of Defense. *See id*. at 736; *Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir. 1988) (concluding that proper defendant to employment discrimination action brought by AAFES employee is the Secretary of Defense). Although AAFES employees are not considered civil service employees, *see* 5 U.S.C. § 2105(c), they are federal employees for purposes of Title VII. *See Whipple v. Thompson*, No. 09-731, 2010 WL 1416142, at *2 (S.D. Ill. Apr. 2, 2010) (noting AAFES employees' "limited rights under . . . Equal Employment Opportunity (EEO) Law"). Because Plaintiff is a former employee of

AAFES, the laws and procedures regarding equal employment opportunity in the federal sector apply. *See* 42 U.S.C. § 2000e-16(a); 29 C.F.R. § 1614.103(c) (noting that 29 C.F.R. Part 1614 applies to employees "[w]ithin the covered departments, agencies and units . . . who are paid from nonappropriated funds").

### B. Plaintiff Failed to File a Discrimination Claim with the AAFES

A plaintiff pursuing a claim under either Title VII or the Rehabilitation Act is bound by the same regulations. *See* 29 C.F.R. §§ 1614.103(a), 1614.104(a); *see also Heard v. U.S. Dep't of State*, No. 08–2123, 2010 WL 3700184, at *6 (D.D.C. Sept. 17, 2010) (applying requirements of 29 C.F.R. § 1614.105(a) to claims under both Title VII and the Rehabilitation Act). A plaintiff's first obligation is to "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). To this end, she "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved informally, the complainant receives written notice "of the right to file a discrimination complaint within 15 days of receipt of the notice [and] of the appropriate official with whom to file a complaint." *Id*. § 1614.105(d).

Next, "[a] complaint must be filed with the agency that allegedly discriminated against the complainant." *Id*. § 1614.106(a). "Filing a formal complaint is a prerequisite to exhaustion." *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012) (citation omitted); *see* 29 C.F.R. § 1614.407 ("A complainant *who has filed an individual complaint* is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court[.]") (emphasis added); *see also Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 34 (D.C. Cir. 2014) ("The requirement of 'initial recourse to an agency' manifests a 'carefully

5

structured scheme for resolving charges of discrimination within federal agencies' when possible, limiting the need for resort to judicial proceedings.") (brackets and citation omitted).

Defendant points out that Plaintiff initiated the process by contacting the EEO Counselor on February 2, 2011, receiving counseling on February 4, 2011, and by acknowledging receipt of a Statement of Rights and Responsibilities.  Further, Defendant shows that Plaintiff has not filed a formal charge of discrimination with any of the designated AAFES recipients, notwithstanding written notice mailed to Plaintiff of her opportunity to file a charge within 15 days of receipt of the June 23, 2011 notice.

Plaintiff does not dispute these assertions.  *See* Mem. of Law in Opp'n to Def.'s Mot. to Dismiss at 3.  Rather, she claims not to have received the Notice of Right to File a Discrimination Complaint.  *See id*. at 3-4; *see also* Pl.'s Resp. & Counterstatement to Def.'s Statement of Material Facts ¶ 12.  In addition, Plaintiff faults Defendant for failing to serve the notice properly pursuant to DOD Inspector General Directive Instructions, *see* Pl.'s Resp. at 3-4, the applicability of which she does not explain.  She fails to mention, however, that the Statement of Rights and Responsibilities advised her that, "[i]f [she did] not receive [the notice] upon completion of the dispute resolution process or within 90 calendar days of the first contact with the EEO counselor, whichever is earlier," she could "file a formal complaint anyway." Defs.' Mem., Ex. 3 at 4.  Therefore, the fact that Plaintiff may not have received the notice does not relieve her of her obligation to file charges with the relevant agencies as a prerequisite to filing suit in this court.

III. CONCLUSION

The Court concludes that Plaintiff failed to exhaust her administrative remedies because she did not file a formal charge of discrimination with the AAFES. Defendant's motion therefore will be granted. An Order accompanies this Memorandum Opinion.


Date:  September 15, 2015               /s/
                                        TANYA S. CHUTKAN
                                        United States District Judge